**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| KEN R. McCALLISTER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:   1:18-cv-4076 |
| | ) | |
| v. | ) | |
| | ) | Removed from Marion Superior Court |
| UNITED PARCEL SERVICE INC., a/k/a | ) | Case No.: 49D04-1812-PL-047987 |
| UNITED PARCEL SERVICE | ) | |
| COMPANY, a/k/a UPS, | ) | |
| | ) | |
| Defendant. | | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant United Parcel Service, Inc. ("Defendant" or "UPS") hereby removes this action from the Marion Superior Court, in Marion County, in the State of Indiana, to the United States District Court for the Southern District of Indiana, Indianapolis Division.  In support thereof, UPS states as follows:

## BACKGROUND

1.      Plaintiff Ken R. McCallister ("Plaintiff") initiated this action on or about December 5, 2018 by filing a complaint ("Complaint") in Marion County Superior Court, styled as *Ken R. McCallister v. United Parcel Service Inc., a/k/a United Parcel Service Company, a/k/a UPS* (Case No. 49D04-1812-PL-047987).  UPS was served with a copy of the Complaint and Summons on December 10, 2018.  (True and correct copies of Plaintiff's Complaint and Summons appear at Exhibit A).

2.      UPS filed this notice of removal within 30 days of receiving the initial pleading and within one year of the commencement of this action, in compliance with 28 U.S.C. § 1446(b).

1

Removal to this Court is proper because the Southern District of Indiana, Indianapolis Division, includes Marion County, Indiana, where Plaintiff filed this action.  42 U.S.C. § 1441(a).

3.    Plaintiff is a citizen of Indiana.  *See* [Pl.'s Compl., ¶ 1][1] [Declaration of Robert Morrow attached as Exhibit B, ¶ 12].

4.    UPS is an Ohio corporation and has its principal place of business in Georgia.  *See* [Morrow Decl., ¶ 9].

5.    Plaintiff's Complaint alleges that UPS required him to forfeit his company seniority and denied him a return to a full-time position because he exercised rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*  Plaintiff seeks the following relief: (1) back pay; (2) damages related to lost benefits, including pension credits and lost seniority; (3) damages related to emotional distress; and (4) attorneys' fees and costs.  [Pl.'s Compl. at Prayer for Relief].

## FEDERAL QUESTION JURISDICTION

6.    A defendant may remove to federal court a civil case brought in a state court so long as the federal court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  This Court has original subject matter jurisdiction over an action when the plaintiff's asserted cause of action involves questions of federal law.  28 U.S.C. § 1331.

7.    Here, Plaintiff's Complaint asserts a cause of action under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.  See* [Pl.'s Compl.].

8.    Accordingly, Plaintiff's Complaint, on its face, confers federal question jurisdiction on this Court.

---

[1] UPS cites to Plaintiff's Complaint only for the purposes of this Notice of Removal and reserves the right to dispute the Complaint allegations at any time later in this proceeding.

QB\55336073.1

## DIVERSITY JURISDICTION

9.     A federal district court also has original jurisdiction in diversity where the suit arises between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.  *Id*. at § 1332(a); *Travelers Property Cas. v. Good*, 689 F.3d 714, 717 (7th Cir. 2012).  This Court has original diversity jurisdiction over Plaintiff's Complaint because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

10.     In determining whether diversity exists, a corporation is considered a citizen of the state of incorporation and the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1185-86 (2010).

**A.     Complete Diversity of Citizenship Between the Parties.**

11.     UPS is a citizen of both Ohio and Georgia under 28 U.S.C. § 1332(c)(1), as it is incorporated in Ohio and has its principal place of business in Georgia.  [Morrow Decl., ¶ 9].

12.     Plaintiff, on the other hand, is a citizen of Indiana.  [Pl.'s Compl., ¶1] [Morrow Decl., ¶ 12].  Accordingly, the diversity of citizenship requirement is met.

**B.     The Amount in Controversy Exceeds $75,000.00.**

13.     To determine the amount in controversy in a removed action, the Court will evaluate the "amount required to satisfy the plaintiff's demands in full" and the record as a whole as it exists on the date of removal. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006).  Where, as here, the plaintiff's complaint provides little information as to the value of his claims, a defendant's "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence."  *Id*.  Plaintiff can defeat jurisdiction "only by proving to a

3

legal certainty that the claim is really for less than the jurisdictional amount" at the time of removal. *Id.* (internal citations omitted).

14.     Here, Plaintiff's prayer for relief—which seeks backpay, emotional distress damages, damages related to lost company seniority and pension credits—supports a good-faith, plausible estimate that the amount in controversy exceeds $75,000.

15.     Accordingly, the amount in controversy, exclusive of interest and costs at issue, satisfies the jurisdictional amount requirement under 28 U.S.C. § 1332(a).

16.     UPS provided written notice of the filing of this Notice of Removal and the attached exhibits to Plaintiff by U.S. mail and email on December 28, 2018.  UPS also has attached, as Exhibit C, a copy of the Notice to State Court and Plaintiff of Removal to Federal Court, which UPS will file with the Clerk of Marion Superior Court, Indiana.

17.     Pursuant to Local Rule 81-2, UPS also has attached, as Exhibit D, a copy of all pleadings in the state court action that are in the possession of UPS.

18.     Consistent with this Notice, UPS removes the above-described action now pending in Marion Superior Court, Indiana, to the United States District Court for the Southern District of Indiana.  Defendant preserves all other bases for removal of this action to this Court.

Dated: December 28, 2018                         Respectfully submitted,

                                                 UNITED PARCEL SERVICE, INC.

                                                 By: */s/ Hunter G. DeKoninck*
                                                       One of Its Attorneys

Hunter G. DeKoninck, #32563-49
Quarles & Brady LLP
135 North Pennsylvania Street
BMO Building Suite 2400
Indianapolis, IN 46204
Phone: 317-957-5000
Fax: 317-957-5010
Email: hunter.dekoninck@quarles.com

4

*Attorney for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of December, 2018, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system.  The undersigned hereby certifies that a copy of the foregoing has been served upon the following individual by depositing a copy of the same in the United States mail, first class postage prepaid, and by email this 28th day of December, 2018:

> James D. Masur II
> Robert York & Associates
> 7212 North Shadeland Avenue, Suite 150
> Indianapolis, Indiana 46250
> jdmasur@york-law.com

> */s/* Hunter G. DeKoninck

QB\55336073.1

# EXHIBIT  A

49D04-1812-PL-047987   Filed: 12/5/2018 2:10 PM
Clerk
Marion Superior Court, Civil Division 4   Marion County, Indiana

| STATE OF INDIANA | ) | IN THE  SUPERIOR/CIRCUIT COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

| | |
|---|---|
| Ken R. McCallister, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED PARCEL SERVICE INC., a/k/a | ) |
| UNITED PARCEL SERVICE COMPANY, | ) |
| a/k/a UPS | ) |
| | ) |
| Defendant. | ) |

### SUMMONS

TO :   **United Parcel Service**
**c/o Corporation Service Company**
**135 North Pennsylvania Street**
**Suite 1610**
**Indianapolis, IN  46204**

You are hereby notified that you have been sued by the person named as Plaintiffs and in the Court indicated above, which is located at Room T-1721, City-County Building, 200 E. Washington Street, Indianapolis, IN 46204, Telephone Number: (317) 327-5063.

The nature of the suit against you is stated in the Complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the Plaintiff.

An answer or other appropriate response in writing to the Complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated  12/5/2018

*Myla A. Eldridge*
Myla A. Eldridge Clerk, Marion County, Indiana

MARION COUNTY COURTS
SEAL
INDIANA

James D. Masur II, #19681-49
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, Indiana 46250
Tel: (317) 842-8000, Fax: (317) 577-7321
Email: jdmasur@york-law.com

The following manner of service of Summons is hereby designated: **Certified Mail/RRR**

**49D04-1812-PL-047987**

Marion Superior Court, Civil Division 4

Filed: 12/3/2018 2:10 PM
Clerk
Marion County, Indiana

| STATE OF INDIANA | )IN THE  SUPERIOR/CIRCUIT COURT |
| COUNTY OF MARION | )SS: |
| | )      CAUSE NO. |

Ken R. McCallister,         )

       Plaintiff,     )

    vs.          )

UNITED PARCEL SERVICE INC., a/k/a   )
UNITED PARCEL SERVICE COMPANY,  )
a/k/a UPS            )

        Defendant.    )

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

As and for his Complaint against the Defendant United Parcel Service, Inc., a/k/a United

Parcel Service Company, a/k/a UPS ("UPS"), Plaintiff Ken McCallister ("Mr. McCallister")

through counsel, states as follows:

    1.    At all relevant times, Mr. McCallister has been an individual residing in

Indianapolis, Marion County, Indiana.

    2.    At all relevant times UPS has been doing business throughout the United States,

with operations in Indiana including Indianapolis, Marion County, Indiana.

    3.    All actions complained of herein occurred in Indianapolis, Marion County,

Indiana.

    4.    The instant action is premised on violations by UPS of its obligations under the

Americans With Disabilities Act of 1990, as amended, codified at 42 U.S.C. § 12101 *et seq.*

1

5.      On approximately May 11, 2016, due to a vertigo impairment that constituted a disability under the Americans with Disabilities Act ("ADA"), and Mr. McCallister's request for a reasonable accommodation in the nature of leave pending restorative treatment, Mr. McCallister, Teamsters Local Union 135 (Local 135), and Respondent United Parcel Service ("UPS") agreed that Plaintiff McCallister would be provided leave and short-term disability benefits for the ensuing 26 weeks as a reasonable accommodation.

6.      Subsequently, Mr. McCallister applied for, and was granted, a reasonable accommodation in the nature of leave and long-term disability benefits through Aetna Insurance, which lasted between November 14, 2016 and March 1, 2017.

7.      At various times, Mr. McCallister requested modification of the reasonable accommodation leave in the nature of a reassignment to a full-time position within his skill set, the essential functions of which Mr. McCallister was able to perform, with or without a reasonable accommodation, including in January 2017, which request was renewed thereafter from time to time.

8.      In response to the modification request, UPS denied it outright on January 23, 2017.  On or about March 1, 2017, however, UPS assigned Plaintiff McCallister to a part-time job, which entailed a reduction of pay, as his former pay rate was $35.80 per hour, and the part-time rate was $33.43 per hour.  The part-time hours were 4 hours a day, and the full-time position in which he was seeking to be employed as a modification to the reasonable accommodation leave would average 48 hours per week.

9.      On approximately August 3, 2017 Mr. McCallister's physician released him from all restrictions, due to treatments alleviating the vertigo symptoms.

2

10.     Thereafter, Mr. McCallister's DOT and CDL license and certification were both reinstated on August 4, 2017.

11.     Mr. McCallister updated his information to UPS, advising of his desire for post-leave reassignment/reinstatement, including but not limited to any full-time position available, including any feeder driver position, in line with his seniority at UPS.

12.     UPS and Local 135 are parties to a collective bargaining agreement ("CBA"), that gives priority for assignments to those having higher seniority and permits those with higher seniority to "bump" those with lower seniority. However, between August 4, 2017, and the conclusion of an August 19, 2017 grievance meeting, UPS affirmatively stated that UPS would refuse to permit Mr. McCallister to avail himself of the priorities afforded to him by his seniority under the CBA, and would continue to refuse to employ him in any full-time job, unless he forfeited all seniority to which he was entitled under the CBA.

13.     UPS regarded Mr. McCallister as disabled and unable to perform the essential functions of his job. UPS repeatedly denied outright Mr. McCallister's multiple requests for (modification of the reasonable) accommodation, and did not engage in the interactive process required of UPS under the ADA.

14.     All similarly-situated employees who have not taken leave as a reasonable accommodation under the ADA have not been required to forfeit seniority (unless inactive for a period of 3 years), and have been afforded all rights to seniority—including bumping less senior employees under the CBA. Ultimately, on November 20, 2017, UPS reinstated Mr. McCallister to the full-time employment to which he was entitled under the CBA, thereby admitting the prior conduct by UPS was unlawful under the ADA.

3

16.     Mr. McCallister has suffered lost pay, lost benefits, including, but not limited to pension credits, lost seniority, emotional distress, and incurred attorney's fees in order to protect his rights under the Americans with Disabilities Act.

Mr. McCallister hereby demands all legal or equitable relief to which he is entitled from UPS under the ADA, due to UPS: (1) discriminating against Mr. McCallister in comparison to Mr. McCallister's similarly-situated coworkers, on the basis of his impairment that constitutes a disability under ADA, namely, vertigo, (2) discriminating against Mr. McCallister, due to UPS regarding Mr. McCallister as disabled, (3) unlawfully depriving Mr. McCallister of his seniority rights in comparison to similarly-situated coworkers, *inter alia*, due to Mr. McCallister availing himself of his rights under the ADA and/or due to UPS regarding him as having an impairment, and therefore refusing to permit Mr. McCallister to assert his seniority rights under the CBA, and/or (3) unlawfully retaliating against Mr. McCallister for availing himself of a reasonable accommodation in the nature of short-term leave and/or long-term leave to address the vertigo issue.

Respectfully submitted,

ROBERT W. YORK & ASSOCIATES

James D. Masur II, #19681-49
Attorneys for Ken R. McCallister
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
(317) 842-8000
jdmasur@york-law.com

4

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands trial by jury of all issues so triable in the above-captioned cause.

Respectfully submitted,

ROBERT W. YORK & ASSOCIATES

James D. Masur II, 19681-49#
Attorneys for Mr. McCallister
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
(317) 842-8000

5

# EXHIBIT  B

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| KEN R. McCALLISTER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: _____ |
| | ) | |
| v. | ) | |
| | ) | Removed from Marion Superior Court |
| UNITED PARCEL SERVICE INC., a/k/a | ) | Case No.: 49D04-1812-PL-047987 |
| UNITED PARCEL SERVICE | ) | |
| COMPANY, a/k/a UPS, | ) | |
| | ) | |
| Defendant. | | |

## <u>DECLARATION OF ROBERT MORROW</u>

I, Robert Morrow, pursuant to 28 U.S.C. § 1746, state as follows:

1.      I am over 18 years of age and competent to give the testimony in this Declaration.

2.      I am currently a citizen and resident of the State of Indiana.

3.      I have personal knowledge of the facts in this Declaration and, if called as a witness, could testify competently to them.

4.      I am currently employed by United Parcel Service, Inc. ("UPS") as an Area Human Resources Manager, a position I have held since March of 2016.

5.      My area of responsibility includes UPS's 81st Street facility, located in Indianapolis, Indiana.

6.      UPS uses a computer system called the Global Employee Management System ("GEMS") to maintain, among other things, records related to an employee's dates of employment and last known address.  The address in GEMS is supplied by the employee and entered into the GEMS system at or near the time it is provided.  UPS creates and maintains employee address

1

information in GEMS in the regular course of its business and as a regular practice applicable to all employees.

7.      As Area Human Resources Manager, I have access to the personnel records of employees who work at the 81st Street facility, including the address information in GEMS.  I am familiar with and refer to these personnel records as needed in the course of my duties.

8.      In my capacity as Area Human Resources Manager, I am also familiar with UPS's corporate structure.

9.      UPS is an Ohio corporation with its principal place of business in Georgia.

10.     In the course of this lawsuit, I reviewed Ken McCallister's personnel records in GEMS.

11.     Mr. McCallister is employed by UPS at the 81st Street facility in Indianapolis, Indiana.  He has been employed at the 81st Street facility since April 26, 1984.

12.     Mr. McCallister's residential address listed in his personnel records is 8404 Brook Pointe Court, Indianapolis, Indiana, 46234, where he has resided since March 10, 2000.  UPS employees, including Mr. McCallister, are required to update their address information in GEMS if they move.  A true and correct copy of Mr. McCallister's GEMS record reflecting this information is attached and incorporated as Exhibit 1.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___21st___ day of December, 2018.

Robert Morrow

QB\55385918.1

# EXHIBIT  C

## IN THE MARION SUPERIOR COURT NO. 4
## STATE OF INDIANA

| | | |
|---|---|---|
| KEN R. McCALLISTER, | ) | Cause No. 49D04-1812-PL-047987 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED PARCEL SERVICE INC., | ) | |
| a/k/a UNITED PARCEL SERVICE | ) | |
| COMPANY, a/k/a UPS, | ) | |
| | ) | |
| Defendant. | | |

## NOTICE TO STATE COURT AND
## PLAINTIFF OF REMOVAL TO FEDERAL COURT

Please take notice that on this date Defendant United Parcel Service, Inc. filed in the United States District Court for the Southern District of Indiana a Notice of Removal of the above-entitled action to the United States District Court. Attached as Exhibit 1 is a copy of the Notice of Removal filed with the District Court.

Date:      December 28, 2018.

Respectfully submitted,

QUARLES & BRADY

By: *Hunter G. DeKoninck*
      Hunter G. DeKoninck, #32563-49
      *Attorney for Defendant United Parcel Service, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 28th day of December, 2018, a copy of the foregoing was filed electronically.   The undersigned hereby also certifies that a copy of the foregoing has been served upon the following individual by depositing a copy of the same in the United States mail, first class postage prepaid, and by email this 28th day of December, 2018:

> James D. Masur II
> Robert York & Associates
> 7212 North Shadeland Avenue, Suite 150
> Indianapolis, Indiana 46250
> jdmasur@york-law.com
> *Attorney for Defendant Ken R. McCallister*

> */s/ Hunter G. DeKoninck*
> Hunter G. DeKoninck

QUARLES & BRADY LLP
135 North Pennsylvania Street
BMO Building Suite 2400
Indianapolis, IN 46204
Phone: 317-957-5000
Fax: 317-957-5010
Email: hunter.dekoninck@quarles.com

# EXHIBIT  D

# mycase.IN.gov

H. DeKoninck | Sign Out

## Case Summary

[ « Back ]  [ New Search ]  [ Refine Search ]

### Ken R. McCallister v. United Parcel Service Inc.

| Case Number | 49D04-1812-PL-047987 |
| --- | --- |
| Court | Marion Superior Court, Civil Division 4 |
| Type | PL - Civil Plenary |
| Filed | 12/03/2018 |
| Status | 12/03/2018 , Pending  (active) |

### Parties to the Case

Show all party details

| | | |
| --- | --- | --- |
| Defendant | United Parcel Service Inc. | |
| Plaintiff | McCallister, Ken R. | |

### Chronological Case Summary

| 12/03/2018 | **Case Opened as a New Filing** |
| --- | --- |

**12/05/2018    Appearance Filed**
Appearance

| For Party: | McCallister, Ken R. |
| --- | --- |
| File Stamp: | 12/03/2018 |

**12/05/2018    Complaint/Equivalent Pleading Filed**
Complaint and Demand for Jury Trial

| Filed By: | McCallister, Ken R. |
| --- | --- |
| File Stamp: | 12/03/2018 |

**12/05/2018    Subpoena/Summons Filed**
Summons to United Parcel Service

| Filed By: | McCallister, Ken R. |
| --- | --- |
| File Stamp: | 12/03/2018 |

**12/05/2018    Affidavit Filed**
Affidavit of Service on United Parcel Service Inc.

| Filed By: | McCallister, Ken R. |
| --- | --- |
| File Date: | 12/05/2018 |

### Financial Information

Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

**McCallister, Ken R.**

Plaintiff

Balance Due (as of 12/26/2018)

**0.00**

Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 157.00 | 0.00 | 157.00 |

Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 12/05/2018 | Transaction Assessment | 157.00 |
| 12/05/2018 | Electronic Payment | (157.00) |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

« Back    New Search    Refine Search

 Subscribe to content by RSS or Email

 Follow us on Twitter

 Indiana Courts YouTube Channel

 Get our shared photos on Flickr

## Terms of Use

Odyssey Public Access (the "MyCase" website) is a platform for online services provided by the Office of Judicial Administration (the "Office").

Electronic access to court information is restricted by federal and state law in addition to court rules and orders. Information on this site is made available as a public service pursuant to order of the Indiana Supreme Court.

Information displayed on this site is not to be considered or used as an official court record and may contain errors or omissions. Accuracy of the information is not warranted. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

Read the complete terms of use »

**49D04-1812-PL-047987**

Marion Superior Court, Civil Division 4

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE  SUPERIOR/CIRCUIT COURT |
| | )SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

Ken R. McCallister,           )
                              )
           Plaintiff,     )
                              )
      vs.                   )
                              )
UNITED PARCEL SERVICE INC., a/k/a  )
UNITED PARCEL SERVICE COMPANY,  )
a/k/a UPS                     )
                              )
         Defendant.

## E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1.   The party on whose behalf this form is being filed is:

Initiating__X__ Responding_____ Intervening_____; and
the undersigned attorney and all attorneys listed on this form now appear in this case for the
following parties:

Name of party:  Ken R. McCallister_____

Address of party *(see Question # 5 below if this case involves a protection from abuse order, a
workplace violence restraining order, or a no-contact order)*

Telephone # of party__317-273-8435_____
*(List on a continuation page additional parties this attorney represents in this case.)*

2.   Attorney information for service as required by Trial Rule 5(B)(2)

Name: James D. Masur II_____ Atty Number: 19681-49_____

Address: Robert York & Associates, PC
7212 North Shadeland Avenue, Suite 150 Indianapolis, IN  46250_____
Phone: 317-842-8000_____
FAX: 317-577-7321_____
Email Address: jdmasur@york-law.com_____
**IMPORTANT**: Each attorney specified on this appearance:

(a) certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b) **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney; and**

(c) understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).
Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3.      This is a _PL_ case type as defined in administrative Rule 8(B)(3).

4. This case involves child support issues. Yes____No__X__ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.)*

5. This case involves a protection from abuse order, a workplace violence restraining order, or a no - contact order. Yes____No__X__ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:
____X____ Attorney's address

_____ The Attorney General Confidentiality program address
(contact the Attorney General at 1-800-321-1907 or e-mail address is confidential@atg.in.gov).

_____ Another address (provide)

This case involves a petition for involuntary commitment. Yes ____ No __X__

6. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

a. Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above:

b. State of Residence of person subject to petition: _____
c. At least one of the following pieces of identifying information:

(i) Date of Birth_____
(ii) Driver's License Number_____
State where issued_____Expiration date_____

(iii) State ID number_____

State where issued_____Expiration date_____

(iv) FBI number_____

(v) Indiana Department of Corrections Number_____

(vi) Social Security Number is available and is being provided in an attached confidential

document Yes_____No_____

7. There are related cases: Yes_____No__X___ *(If yes, list on continuation page.)*

8. Additional information required by local rule:

9. There are other party members: Yes_____No_X___ *(If yes, list on continuation page.)*

10. This form has been served on all other parties and Certificate of Service is attached:

Yes___No_X___

Attorney-at-Law
(Attorney information shown above.)

49D04-1812-PL-047987
Marion Superior Court, Civil Division 4

Filed: 12/3/2018 2:10 PM
Clerk
Marion County, Indiana

STATE OF INDIANA   )IN THE  SUPERIOR/CIRCUIT COURT
         )SS:
COUNTY OF MARION  )  CAUSE NO.

Ken R. McCallister,      )
            )
    Plaintiff,     )
            )
  vs.         )
            )
UNITED PARCEL SERVICE INC., a/k/a )
UNITED PARCEL SERVICE COMPANY, )
a/k/a UPS        )
            )
    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

As and for his Complaint against the Defendant United Parcel Service, Inc., a/k/a United

Parcel Service Company, a/k/a UPS ("UPS"), Plaintiff Ken McCallister ("Mr. McCallister")

through counsel, states as follows:

  1.  At all relevant times, Mr. McCallister has been an individual residing in

Indianapolis, Marion County, Indiana.

  2.  At all relevant times UPS has been doing business throughout the United States,

with operations in Indiana including Indianapolis, Marion County, Indiana.

  3.  All actions complained of herein occurred in Indianapolis, Marion County,

Indiana.

  4.  The instant action is premised on violations by UPS of its obligations under the

Americans With Disabilities Act of 1990, as amended, codified at 42 U.S.C. § 12101 *et seq.*

1

5.      On approximately May 11, 2016, due to a vertigo impairment that constituted a disability under the Americans with Disabilities Act ("ADA"), and Mr. McCallister's request for a reasonable accommodation in the nature of leave pending restorative treatment, Mr. McCallister, Teamsters Local Union 135 (Local 135), and Respondent United Parcel Service ("UPS") agreed that Plaintiff McCallister would be provided leave and short-term disability benefits for the ensuing 26 weeks as a reasonable accommodation.

6.      Subsequently, Mr. McCallister applied for, and was granted, a reasonable accommodation in the nature of leave and long-term disability benefits through Aetna Insurance, which lasted between November 14, 2016 and March 1, 2017.

7.      At various times, Mr. McCallister requested modification of the reasonable accommodation leave in the nature of a reassignment to a full-time position within his skill set, the essential functions of which Mr. McCallister was able to perform, with or without a reasonable accommodation, including in January 2017, which request was renewed thereafter from time to time.

8.      In response to the modification request, UPS denied it outright on January 23, 2017. On or about March 1, 2017, however, UPS assigned Plaintiff McCallister to a part-time job, which entailed a reduction of pay, as his former pay rate was $35.80 per hour, and the part-time rate was $33.43 per hour. The part-time hours were 4 hours a day, and the full-time position in which he was seeking to be employed as a modification to the reasonable accommodation leave would average 48 hours per week.

9.      On approximately August 3, 2017 Mr. McCallister's physician released him from all restrictions, due to treatments alleviating the vertigo symptoms.

2

10.     Thereafter, Mr. McCallister's DOT and CDL license and certification were both reinstated on August 4, 2017.

11.     Mr. McCallister updated his information to UPS, advising of his desire for post-leave reassignment/reinstatement, including but not limited to any full-time position available, including any feeder driver position, in line with his seniority at UPS.

12.     UPS and Local 135 are parties to a collective bargaining agreement ("CBA"), that gives priority for assignments to those having higher seniority and permits those with higher seniority to "bump" those with lower seniority.  However, between August 4, 2017, and the conclusion of an August 19, 2017 grievance meeting, UPS affirmatively stated that UPS would refuse to permit Mr. McCallister to avail himself of the priorities afforded to him by his seniority under the CBA, and would continue to refuse to employ him in any full-time job, unless he forfeited all seniority to which he was entitled under the CBA.

13.     UPS regarded Mr. McCallister as disabled and unable to perform the essential functions of his job.  UPS repeatedly denied outright Mr. McCallister's multiple requests for (modification of the reasonable) accommodation, and did not engage in the interactive process required of UPS under the ADA.

14.     All similarly-situated employees who have not taken leave as a reasonable accommodation under the ADA have not been required to forfeit seniority (unless inactive for a period of 3 years), and have been afforded all rights to seniority—including bumping less senior employees under the CBA. Ultimately, on November 20, 2017, UPS reinstated Mr. McCallister to the full-time employment to which he was entitled under the CBA, thereby admitting the prior conduct by UPS was unlawful under the ADA.

3

16.    Mr. McCallister has suffered lost pay, lost benefits, including, but not limited to pension credits, lost seniority, emotional distress, and incurred attorney's fees in order to protect his rights under the Americans with Disabilities Act.

Mr. McCallister hereby demands all legal or equitable relief to which he is entitled from UPS under the ADA, due to UPS: (1) discriminating against Mr. McCallister in comparison to Mr. McCallister's similarly-situated coworkers, on the basis of his impairment that constitutes a disability under ADA, namely, vertigo, (2) discriminating against Mr. McCallister, due to UPS regarding Mr. McCallister as disabled, (3) unlawfully depriving Mr. McCallister of his seniority rights in comparison to similarly-situated coworkers, *inter alia*, due to Mr. McCallister availing himself of his rights under the ADA and/or due to UPS regarding him as having an impairment, and therefore refusing to permit Mr. McCallister to assert his seniority rights under the CBA, and/or (3) unlawfully retaliating against Mr. McCallister for availing himself of a reasonable accommodation in the nature of short-term leave and/or long-term leave to address the vertigo issue.

Respectfully submitted,

ROBERT W. YORK & ASSOCIATES

James D. Masur II, #19681-49
Attorneys for Ken R. McCallister
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
(317) 842-8000
jdmasur@york-law.com

4

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands trial by jury of all issues so triable in the above-captioned cause.

Respectfully submitted,

ROBERT W. YORK & ASSOCIATES

James D. Masur II, 19681-49#
Attorneys for Mr. McCallister
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
(317) 842-8000

5

49D04-1812-PL-047987   Filed: 12/5/2018 2:10 PM
Clerk
Marion Superior Court, Civil Division 4                                    Marion County, Indiana

| | |
|---|---|
| STATE OF INDIANA | )IN THE  SUPERIOR/CIRCUIT COURT |
| | )SS: |
| COUNTY OF MARION | )        CAUSE NO. |

| | |
|---|---|
| Ken R. McCallister, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED PARCEL SERVICE INC., a/k/a | ) |
| UNITED PARCEL SERVICE COMPANY, | ) |
| a/k/a UPS | ) |
| | ) |
| Defendant. | |

## SUMMONS

TO :   **United Parcel Service**
**c/o Corporation Service Company**
**135 North Pennsylvania Street**
**Suite 1610**
**Indianapolis, IN  46204**

You are hereby notified that you have been sued by the person named as Plaintiffs and in the Court indicated above, which is located at Room T-1721, City-County Building, 200 E. Washington Street, Indianapolis, IN 46204, Telephone Number: (317) 327-5063.

The nature of the suit against you is stated in the Complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the Plaintiff.

An answer or other appropriate response in writing to the Complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated _____12/5/2018_____        _Myla A. Eldridge_
                                        Myla A. Eldridge Clerk, Marion County, Indiana

James D. Masur II, #19681-49
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, Indiana 46250
Tel: (317) 842-8000, Fax: (317) 577-7321
Email: jdmasur@york-law.com

MARION COUNTY COURTS
**SEAL**
INDIANA

The following manner of service of Summons is hereby designated: **Certified Mail/RRR**

STATE OF INDIANA ⟩IN THE  MARION SUPERIOR COURT
⟩SS:
COUNTY OF MARION ⟩CAUSE NO.  49D04-1812-PL-047987

Ken R. McCallister, ⟩
⟩
      Plaintiff, ⟩
⟩
  vs. ⟩
⟩
UNITED PARCEL SERVICE INC., a/k/a ⟩
UNITED PARCEL SERVICE COMPANY, ⟩
a/k/a UPS ⟩
⟩
      Defendant. ⟩

## AFFIDAVIT OF SERVICE ON UNITED PARCEL SERVICE INC.

    Comes now, James D. Masur II, attorney for Plaintiff, and pursuant to Trial Rule 86

(G)(2)(a), states to the Court that on December 5, 2018, via the United States Postal Service Inc.,

he mailed by Certified Mail, Return Receipt Requested, all fees prepaid, with the tracking

number of 93147699043000053617115, a true and complete copy of the Complaint and Demand

for Jury Trial in this cause and the Summons issued by the Clerk to:

    United Parcel Service
    c/o Corporation Service Company
    135 North Pennsylvania Street, Suite 1610
    Indianapolis, IN  46204

    WHEREFORE, James D. Masur II hereby submits the foregoing Affidavit of Service

upon United Parcel Service Inc. with respect to the service of the Summons and Complaint and

Demand for Jury Trial via Certified Mail Return Receipt Requested.

    I affirm, under the penalties for perjury, that the above representations are true.

Respectfully submitted,

ROBERT W. YORK & ASSOCIATES

James D. Masur II, #19681-49
Attorneys for Plaintiff
ROBERT W. YORK & ASSOCIATES
7212 North Shadeland Avenue, Suite 150
Indianapolis, IN 46250
(317) 842-8000